**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-60607
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANDY CHARLES,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi

July 20, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Andy Charles was convicted for possession of cocaine with intent to distribute, conspiracy

to possess cocaine with intent to distribute, and aiding and abetting the possession of cocaine with

intent to distribute. He appeals his conviction and sentence. We affirm.

First, Charles argues that the district court erred in denying his motion to suppress evidence

obtained by narcotics officers when they executed a search warrant at the "Hy-N-Dry Mini Storage"

facility in Jackson, Mississippi. Charles argues that the search warrant was not supported by probable

---

[*]Under 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cause.[2] We disagree. A confidential informant notified the narcotics officers of drug trafficking activities involving Charles and the storage facility. The officers obtained corroboration of the informant's statements through surveillance and the use of a narcotics-sniffing dog. The search warrant was supported by probable cause.[3]

Next, Charles argues that the evidence was insufficient to support his convictions. We disagree. Charles was caught "red-handed". Charles drove Morias Josephs, his coconspirator, to the storage facility and was arrested with Josephs in the facility containing drugs, drug paraphernalia, and a loaded assault rifle. Charles also possessed keys to another storage unit that contained drugs. From this evidence, a reasonable jury could conclude that Charles was engaged in a conspiracy to possess with intent to distribute crack cocaine. The jury could also conclude that Charles was guilty of the substantive offense of possession with intent to distribute cocaine and aiding and abetting that offense.[4]

Charles also argues that the magistrate judge erred by denying his motion for severance and his motion to disclose the identity of the confidential informant used by the officers. Charles did not appeal these rulings to the district court. We do not have jurisdiction to hear these issues.[5]

Finally, Charles argues that the district court erred during sentencing by increasing his base

---

[2] Probable cause to support a search warrant is determined under the totality of the circumstances. *United States v. Fisher*, 22 F.3d 574, 578-9 (5th Cir. 1994).

[3] *See Id.*

[4] We review the sufficiency of the evidence to support a conviction in the light most favorable to the verdict. If a reasonable trier of fact could have found the defendant guilty, the conviction must be upheld. *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995).

[5] *See Boren v. N.L. Indus., Inc.*, 889 F.2d 1463, 1465 (5th Cir. 1989).

offense level by two under U.S.S.G. § 2D1.1 (b) (1) because Charles did not possess a firearm during the drug-trafficking offense. The district court's decision to increase a defendant's sentence level under § 2D1.1 (b) (1) is a factual finding that we review for clear error.[6] In the present case, there is ample evidence to support the increase. The officers found one firearm in the car driven by Charles and another in the storage facility where Charles was arrested. Even if these firearms belonged to Joseph as Charles alleges, Charles can still be held accountable for them since Joseph's possession of the firearms was reasonably foreseeable.[7] The district court did not err.

The judgment of the district court is AFFIRMED.

---

[6] *United States v. Garza*, 118 F.3d 278, 285 (5th Cir. 1997).

[7] *United States v. Thomas*, 120 F.3d 564, 574 (5th Cir. 1997).